IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LHO WASHINGTON HOTEL TWO, LLC, a                        08-451-AA
Delaware limited liability
company,
                                            OPINION AND ORDER
            Plaintiff,

      v.

POSH VENTURES LLC, a Washington
limited liability company,

            Defendant.
_____

David C. Rocker
Davis Wright Tremaine LLP
1300 SW Fifth Avenue
Suite 2300
Portland, Oregon  97201

Avraham Azrieli
Azrieli & Associates LLC
7373 E. Doubletree Ranch Road
Suite 200
Scottsdale, AZ 85258
      Attorneys for Plaintiff


1     - OPINION AND ORDER

Bruce H. Cahn
Robert L. Taylor
Ball Janik LLP
101 SW Main Street
Suite 1100
Portland, OR 97204
    Attorneys for Defendants

Aiken, Judge:

Plaintiff filed suit alleging trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, as well as state law claims for trademark infringement, unfair competition, and unjust enrichment. Plaintiff's claims arise from defendant's intent to open a hotel in Portland, Oregon under the name "Hotel Modero." Plaintiff alleges that the name Hotel Modero is confusingly similar to its protected trademark "Hotel Madera," the name of a hotel plaintiff owns in Washington, D.C. Plaintiff now moves for a preliminary injunction enjoining defendant from using, displaying, or advertising the word "Modero" or using the name "Hotel Modera" in connection with its new hotel.

On June 9, 2008, the court heard testimony from three witnesses and oral argument. Plaintiff's motion is denied.

I.  BACKGROUND

Plaintiff is a Delaware limited liability company with its principal place of business in Bethesda, Maryland. Plaintiff owns Hotel Madera, a boutique hotel located in the DuPont Circle area of Washington, D.C. Since 2002, plaintiff has owned or operated the hotel in connection with the Hotel Madera trade name and service

2    - OPINION AND ORDER

mark.    Plaintiff is the sole and exclusive owner of the Hotel Madera registration, issued by United States Patent and Trademark Office on September 6, 2003.

Hotel Madera is managed by Kimpton Hotel & Restaurant Group, LLC (Kimpton) under a Management Agreement between plaintiff and Kimpton.    Kimpton also manages approximately fifty other hotels throughout the United States and Canada, including two boutique hotels in Portland.  The Kimpton brand affiliation is displayed in conjunction with Hotel Madera's marketing materials and on its front door.

Defendant is a Washington limited liability company with its principal place of business in Seattle, Washington.  Defendant owns the former Portland Inn City Center and is promoting it as the future site of Hotel Modera, a boutique hotel in downtown Portland. Defendant intends to open Hotel Modera in June 2008.  Hotel Modera is not affiliated with Kimpton or any other national hotel management group.  Defendant has been designing and building Hotel Modera since April 2007 and decided on the name "Hotel Modera" in November 2007.

In March 2008, plaintiff sent a cease-and-desist letter to defendant, requesting that defendant cease its intended use of the Hotel Modero name.  Defendant ultimately refused to do so.

On April 10, 2008, plaintiff filed suit.  Plaintiff alleges that the word "Modera" as used in connection with defendant's

3    - OPINION AND ORDER

proposed hotel is confusingly similar with the Hotel Madera mark. Plaintiff maintains that the use of the Hotel Modera name will cause consumer confusion between the hotels and with the origin of the goods and services provided in connection with the Hotel Madera mark.

## II.  DISCUSSION

"A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Textile Unlimited, Inc. v. A..BMH and Co., Inc., 240 F.3d 781, 786 (9th Cir. 2001).  Accordingly, the party seeking a temporary restraining order or preliminary injunction must show either "(1) a combination of probable success on the merits and the possibility of irreparable injury; or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Big Country Foods v. Bd. of Educ. of Anchorage School Dist., 868 F.2d 1085, 1088 (9th Cir. 1989).  In cases alleging trademark infringement, irreparable injury generally is presumed upon a showing of likelihood of consumer confusion.  Brookfield Communications, Inc. v. West Coast Entertainment Corp., 174 F.3d 1036 (9th Cir. 1999).

A.  Likelihood of Consumer Confusion

Plaintiff alleges claims of trademark infringement and unfair competition in violation of the Lanham Act.  15 U.S.C. §§ 1114 and 1125(a).  "The Lanham Act provides national protection of

4    - OPINION AND ORDER

trademarks in order to secure to the owner of the mark the goodwill of his business and to protect the ability of consumers to distinguish among competing producers." Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 198 (1985).  To establish a claim for trademark infringement under the Lanham Act, plaintiff must prove "the existence of a trademark and the subsequent use of that mark by another in a manner likely to create consumer confusion." Comedy III Prods., Inc. v. New Line Cinema, 200 F.3d 593, 594 (9th Cir. 2000); see also Interstellar  Starship Servs. Ltd. v. Epix, Inc., 304 F.3d 936, 941 (9th Cir. 2002) ("The core element of trademark infringement is whether the similarity of the marks is likely to confuse customers about the source of the products.").

Plaintiff argues that through Hotel Madera's well known name and brand and its extensive promotional efforts, customers have come to identify the Hotel Madera mark with plaintiff and other Kimpton hotels, including two boutique hotels located in Portland, Hotel Monaco and Hotel Vintage Plaza.  Plaintiff maintains that consumers seeking accommodations in Portland will confuse Hotel Modero with Hotel Madera and believe the two hotels are related. Plaintiff argues that this confusion will likely divert to defendant the benefit of the reputation and goodwill that plaintiff has established through the Hotel Madera mark, deprive plaintiff of income, and damage its goodwill.

Defendant does not contest that plaintiff possesses a valid and protectable trademark; rather, defendant argues that there is no similarity between the marks that would cause consumer confusion. Defendant argues that the dissimilar appearance of the Hotel Modera logo, the lack of proximity between the hotels, and Hotel Madera's affiliation with Kimpton negates the probability of confusion.

"The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." Dreamwerks Prod. Group, Inc. v. SKG Studio, 142 F.3d 1127, 1129 (9th Cir. 1998). To evaluate the likelihood of confusion, courts apply the so-called Sleekcraft factors. Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 632 (9th Cir. 2008); AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 346 (9th Cir. 1979). These factors include: 1) the similarity of the marks; 2) the relatedness or proximity of the products or services; 3) the strength of the registered mark; 4) the marketing channels used; 5) the degree of care likely to be exercised by consumers; 6) the accused infringers' intent in selecting its mark; 7) evidence of actual confusion; and 8) the likelihood of expansion in product lines. Sleekcraft, 599 F.2d at 346.

The Sleekcraft factors are intended to provide guidance rather than a rigid formula, and the relative importance of each factor is

case-specific.  See Entrepreneur Media, Inc. v. Smith, 279 F.3d
1135, 1140-41 (9th Cir. 2002); Brookfield, 174 F.3d at 1054.  Thus,
while "the Sleekcraft test plays an important role in the analysis
of whether a likelihood of confusion exists, '[i]t is the totality
of facts in a given case that is dispositive.'"  Entrepreneur
Media, 279 F.3d at 1140 (quoting Rodeo Collection, Ltd. v. West
Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987)).

    Here, plaintiff relies almost solely on three Sleekcraft
factors:  the similarity of the marks in terms of sound, the
relatedness of the services, and the channels of marketing.  See
Plaintiff's Memorandum in Support of Motion for Preliminary
Injunction, pp. 10-12.  However, even if a subset of factors is
particularly relevant, the court must apply all Sleekcraft factors
to determine the likelihood of confusion.  See Jada Toys, 518 F.3d
at 632-633 ("[W]e have regularly applied all the relevant factors,
noting that a final likelihood of confusion determination may rest
on those factors that are of the most relative importance in any
particular case.").

    1.  Similarity of Marks

    "In considering the degree of similarity between the two
marks, courts should analyze each mark within the context of other
identifying features." Surfvivor Media, Inc. v. Survivor
Productions, 406 F.3d 625, 633 (9th Cir. 2005).  Three axioms apply
to the similarity analysis: 1) marks should be considered in their

entirety and as they appear in the marketplace; 2) similarity is best adjudged by appearance, sound, and meaning; and 3) similarities weigh more heavily than differences. <u>GoTo.com, Inc. v. Walt Disney Co.,</u> 202 F.3d 1199, 1206 (9th Cir. 2000).

Plaintiff relies on the words "Madera" and "Modero," separate and apart from how the words appear in the context of the hotels' logos. Plaintiff argues that "Hotel Modera" is practically identical to "Hotel Madera," differing by only a single vowel. However, as defendant's expert testified, Hotel Madera is not an iconic name that is recognized as having one meaning or as representing one particular hotel or brand. Morever, the law requires the court to look at the marks in their entirety and as they appear in the marketplace. Thus, while the marks are similar in sound, the inquiry does not end there.

Importantly, the marks are quite dissimilar as they appear in the marketplace:

 

The Hotel Madera mark includes "Madera" in upper and lower case letters, with a distinctive border surrounding the words. The Hotel Modera mark does not contain a border, and the word "Modero" is comprised of all lower case letters in a font different from

8    - OPINION AND ORDER

that used with the Hotel Madera mark.  The most distinguishing feature of the Hotel Modero mark, the brightly-colored, concentric but asymmetrical circles forming the "o," actually draws attention to the letter that is dissimilar, thus emphasizing the primary difference between the marks.  The Hotel Madera mark is also prominently affiliated with the Kimpton mark on its website, marketing materials, and front door.  <u>See</u> Defendant's Ex. 22.

Likewise, I find that the words "Madera" and "Modera" are dissimilar in meaning.  Madera derives from the Spanish word for wood, while Modera is a combination of the words "modern" and "era."  Thus, the two names are conceptually very distinct, with the word "Modera" and the Hotel Modera logo evoking a contemporary meaning that reflects the architecture and intended atmosphere of plaintiff's hotel.

Thus, while the marks are similar in terms of sound, they are dissimilar in meaning and very dissimilar in appearance.  As a whole, I do not find that the similarity of the marks weighs in favor of plaintiff.

<u>2.  Relatedness and Proximity of Services</u>

Plaintiff also emphasizes that both Hotel Madera and Motel Modera are boutique hotels, offering similar hotel services to similar types of consumers.

"Where goods are related or complementary, the danger of consumer confusion is heightened." <u>E. & J. Gallo Winery v. Gallo</u>

9   - OPINION AND ORDER

Cattle Co., 967 F.2d 1280, 1291 (9th Cir. 1992). "The standard for deciding whether the parties' goods or services are 'related' is whether customers are 'likely to associate' the two product lines." Surfvivor Media, 406 F.3d at 631 (quoting Dreamwerks, 142 F.3d at 1131).

Here, I agree with plaintiff that the hotel services offered by plaintiff and defendant are similar. Both Hotel Madera and Hotel Modera are upscale, urban hotels that cater to an upscale, discerning clientele. However, the lack of proximity between the two hotels greatly lessens the likelihood that customers will associate the two hotels. Hotel Madera is located in Washington, D.C., while Hotel Modera is located three thousand miles away, in Portland, Oregon. Thus, even though the services are related, the hotels do not serve consumers traveling to the same destination; they serve guests traveling to two distinct and distant metropolitan areas. It is unlikely that Hotel Modera - located in Portland - will cause confusion for consumers seeking a boutique hotel in Washington D.C.

Plaintiff nonetheless argues that the geographical distance should not be given significant weight, because consumers generally encounter and view hotel brands via the internet or through word of mouth. Plaintiff maintains that travelers who have become familiar with Hotel Madera and other Kimpton boutique hotels - such as Hotel Monaco and Hotel Vintage Plaza - will mistakenly assume that the

Hotel Modero is somehow affiliated with Hotel Madera.  However, the issue is not whether consumers will confuse Hotel Modero with Kimpton or other hotels it manages.  Plaintiff cannot fill the geographical gap between Hotel Modero and Hotel Madera by relying on Kimpton's affiliation with other boutique hotels in Portland. Indeed, I find the Kimpton connection weighs against a finding of confusion, because plaintiff and Hotel Modera are not associated with Kimpton and consumers would not find Hotel Modera on the Kimpton website or pocket directory referenced by plaintiff.

In sum, even though the relatedness of the services favors plaintiff, the lack of proximity heavily favors defendant and no likelihood of confusion.

### 3.  Strength of the Mark

"The purpose of examining the strength of the plaintiff's mark is to determine the scope of trademark protection to which the mark is entitled." Surfvivor Media, 406 F.3d at 631.  Marks that are strong, or distinctive, receive greater protection than weaker ones.  E. & J. Gallo Winery, 967 F.2d at 1291. "Marks are often classified in one of five categories of increasing distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful." Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery, 150 F.3d 1042, 1047 (9th Cir. 1998).

A "descriptive" term "specifically describes a characteristic or ingredient of an article or service," while a "suggestive" term

11   - OPINION AND ORDER

"suggests rather than describes an ingredient, quality, or characteristic of the goods and requires imagination, thought, and perception to determine the nature of the goods." <u>Surgicenters of Am., Inc. v. Med. Dental Surgeries, Co.</u>, 601 F.2d 1011, 1014-15 (9th Cir. 1979). Fanciful, arbitrary, and suggestive marks are inherently distinctive and therefore deserving of the greatest protection. <u>See</u> <u>Official Airline Guides, Inc. v. Goss</u>, 6 F.3d 1385, 1390 (9th Cir. 1993).

Defendant argues that "Hotel Madera" is suggestive and not entitled to the highest protection. Defendant does not explain why "Madera" is suggestive of plaintiff's hotel or services; defendant merely asserts that the term suggests the "darkly-hued woods appointing a private Spanish hideaway" without connecting this suggestion to the appearance or atmosphere of Hotel Madera. Plaintiff counters that its mark is arbitrary, because the word "Madera" is a county and city in California and means "wood" in Spanish.

I find plaintiff's mark to be arbitrary rather than suggestive and thus deserving of greater protection.

<u>4. Marketing Channels</u>

Plaintiff maintains that the marketing channels for Hotel Madera and Hotel Modera are identical, because both plaintiff and defendant advertise and market their hotels through the internet, both hotel websites enable consumers to make reservations, and

internet travel vendors provide reservation services for both hotels.

Defendant responds that although the marketing channels overlap, this issue is of little relative importance considering the geographical distance between the parties. Defendant maintains that plaintiff will be marketing to consumers interested in traveling to Washington, D.C. while plaintiff will be marketing to travelers staying in Portland, Oregon. Further, defendant emphasizes that plaintiff markets the Hotel Madera through its nationwide Kimpton brand affiliation, while Hotel Modero is not connected with a national brand.

I agree that some marketing channels will differ based on the distance between the hotels. At the same time, the internet is a significant marketing channel utilized by both parties. Thus, the marketing channels of the parties overlap to a degree, and this factor weighs in favor of plaintiff, though only slightly given the distinct geographical location of the hotels.

5. Degree of Care by Consumers

It is generally assumed that consumers who purchase expensive products or services exercise a greater degree of care when doing so and are less easily confused. See Sleekcraft, 599 F.2d at 353. If the degree of care by consumers is higher, the likelihood of confusion lessens. The degree of care exercised by consumers is generally analyzed according to a "reasonably prudent consumer"

13  - OPINION AND ORDER

standard.  See Brookfield, 174 F.3d at 1060.

Here, both hotels target business and upscale pleasure travelers who seek a "boutique" hotel experience.  The services and accommodations are more expensive than average, thus supporting a finding that the consumers are more sophisticated in arranging and purchasing these services.  As reflected by witness testimony, well-heeled travelers are likely aware of and can identify the Kimpton affiliation, one that the Hotel Modera lacks.  Further, defendant's expert witness testified that brand loyalty and destination are most important to business travelers, particularly within reward systems offered by management groups such as Kimpton.

Therefore, I find that this factor weighs in favor of defendant and against finding a likelihood of confusion.

6.  Intent of Accused Infringer

While "an intent to confuse consumers is not required for a finding of trademark infringement," Brookfield, 174 F.3d at 1059, an "intent to deceive is strong evidence of a likelihood of confusion," Interstellar Starship Servs. Ltd. v. Epix, Inc., 184 F.3d 1107, 1111 (9th Cir. 1999). "When the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose:  that is, that the public will be deceived." Sleekcraft, 599 F.2d at 354 (citations omitted).

Plaintiff does not argue that defendant intended to infringe

14   - OPINION AND ORDER

the Hotel Madera mark.  Rather, plaintiff makes much ado about the
fact that defendant apparently neglected to conduct a trademark
search prior to selecting the name Hotel Modero.  Defendant's
representatives testified that they looked up the name on Google
but did not conduct a formal trademark search.

Even if defendant had conducted a formal search, the results
likely would have been the same.  Plaintiff's representatives and
expert witness testified that they believed no confusion could
arise between Hotel Madera and Hotel Modero when the marks are
distinctively different and the hotels are 3,000 miles apart.  I
find that plaintiff chose the name Hotel Modero in good faith and
did not intend to deceive consumers.

Therefore, this issue does not weigh in favor of plaintiff.

7.  Actual Confusion

Actual confusion is not relevant here, because plaintiff filed
suit before the opening of Hotel Modero.  See Brookfield, 174 F.3d
at 1060.

8.  Likelihood of Expansion of Product Lines

The likelihood of confusion is greater if either party might
expand its business to compete with the other.  Interstellar, 184
F.3d at 1111.  However, this factor is relatively unimportant where
two companies already compete to a significant extent.  Brookfield,
174 F.3d at 1060.

Here, I do not find that Hotel Madera and Hotel Modera are

15   - OPINION AND ORDER

competitors in light of their respective geographical locations. Further, plaintiff offers no evidence that it intends to open a Hotel Madera in Portland, or that defendant intends to open a Hotel Modera in Washington, D.C.  The fact that Kimpton, as opposed to plaintiff, manages hotels in Portland is irrelevant.

Simply put, the similarities of the two hotels are limited to their names, their clientele, and their use of the internet.  I find these factors insufficient to support a likelihood of confusion when the hotels are a continent apart, have distinctly different marks, and only one is associated with a nationwide hotel management company.  Given these differences, I find it unlikely that a sophisticated or "reasonably prudent consumer" would mistakenly associate Hotel Modera with Hotel Madera.  After considering all of the Sleekcraft factors in light of the facts presented, I find that the most relevant factors - similarity, proximity, marketing channels and the degree of care by consumers - weigh against finding a likelihood of confusion between Hotel Madera and Hotel Modera.

Accordingly, plaintiff fails to establish a likelihood of success on the merits.

B.  Irreparable Harm

Plaintiff maintains that the balance of hardships weigh heavily in its favor and that it will suffer irreparable harm if defendant is allowed to open its hotel under the name Hotel Modera,

16   - OPINION AND ORDER

because consumers will believe that Hotel Modero is one of plaintiff's properties. Plaintiff relies upon the fact that in 2006 and 2007, a small number of Oregon residents and residents from neighboring states stayed at the Hotel Madera, presumably to support its contention that those residents will be confused by Hotel Modera once it is open for business.

Defendant responds that it will suffer significant marketing losses if it cannot use the name Hotel Modero, because it has already obtain sign permits, erected the Hotel Modera sign, purchased guest accessories with the Hotel Modera logo, advertised the hotel with the Hotel Modero mark, and advertised using the Hotel Modera name.

It is a well-established presumption that injuries arising from trademark violations are irreparable, regardless of actual damages. See Brookfield, 174 F.3d at 1066. However, the Sleekcraft factors do not weigh in plaintiff's favor and the presumption of irreparable harm does not apply. Given that plaintiff's hotel is located in Washington D.C. and defendant's in Portland, Oregon, I find it unlikely that any actual harm will occur during the pendency of this case. Further, the likelihood of confusion is an intensely factual question, and based on the facts presented thus far, it is questionable whether plaintiff will ultimately prevail. Finally, plaintiff alleges speculative harm to its reputation and goodwill while defendant stands to lose

17  - OPINION AND ORDER

significant economic losses.

Accordingly, the balance of hardships and the likelihood of irreparable harm do not warrant the preliminary injunction sought by plaintiff.

<u>CONCLUSION</u>

Plaintiff's Motion for Preliminary Injunction (doc. 9) is DENIED.

IT IS SO ORDERED.

Dated this  <u>10</u>  day of June, 2008.


<u>          /s/ Ann Aiken          </u>
Ann Aiken
United States District Judge

18   - OPINION AND ORDER